IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-04-94-C |
| ) | |
| SEAN MICHAEL GILLESPIE, ) | |
| ) | |
| Defendant. ) | |

O R D E R

Before the Court is Defendant's Motion for Judgment of Acquittal (Dkt. No. 58), which the Court took under advisement. Having reviewed the argument and law presented by both parties, the Court finds that the motion should be denied.

Defendant argues that the Government has failed to present sufficient evidence that the Temple B'nai Israel is "used in" interstate commerce, an essential element of Counts 1 and 2 of the Indictment. Defendant cites to several cases from other circuits, in which the courts of appeals held that buildings used as churches are not "used in" commerce within the meaning of 18 U.S.C. § 844(i). See United States v. Davies, 394 F.3d 182, 194-95 (3d Cir. 2005) (relying on Lopez v. United States, 514 U.S. 549 (1995), to find that a church housing a free school is not engaged in activity that substantially effects interstate commerce); United States v. Odom, 252 F.3d 1289, 1297 (11th Cir. 2001) (holding that the receipt of out-of-state donations, purchase of prayer books from out-of-state vendors, and membership in out-of-state church organization insufficient connections to commerce).

The Court engages in a two-step inquiry to determine whether a building is "used in" commerce. First, the Court focuses on the function of the building and, second, whether that function affects interstate commerce. United States v. Grassie, 237 F.3d 1199, 1207 (10th Cir. 2001). In the Tenth Circuit, a de minimus effect on commerce is sufficient, even after the Supreme Court's decision in Jones v. United States, 529 U.S. 848 (2000). Id. at 1208 (holding that so long as the building is actively used in or engaged in the activity affecting commerce, it is irrelevant that the effect of the use or activity is de minimus); but see United States v. Davies, 394 F.3d at 190 (holding that more than a de minimus connection to interstate commerce was required post-Jones).

The Government produced sufficient evidence from which the jury could conclude that the Temple B'nai Israel was "used in" interstate commerce. The building was not only used as a church, but also as a preschool and a gift shop. Unlike the school in Davies, 394 F.3d at 194, the Erna Krouch preschool charged for its services, grossing approximately $118,000 per year. Thus, the operation of the preschool is a function of the building that actively affected interstate commerce. See United States v. Terry, 257 F.3d 366, 369-70 (4th Cir. 2001) (holding that the operation of a daycare center in a church building transformed building into one actively used for commercial purposes). Similarly, the gift shop actively affected commerce. It is a retail shop open to the public and purchases approximately 95% of its goods from out-of-state. The fact that the majority of the goods purchased were of religious significance is irrelevant. See Grassie, 237 F.3d at 1209-10.

CONCLUSION

The Government has introduced sufficient evidence that the Temple B'nai Israel is a building "used in" interstate commerce, Defendant's Motion for Judgment of Acquittal (Dkt. No. 58) is DENIED.

IT IS SO ORDERED this 2nd day of May, 2005.

ROBIN J. CAUTHRON
United States District Judge