**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-04-94-C |
| | ) | |
| SEAN MICHAEL GILLESPIE, | ) | |
| | ) | |
| Defendant. | ) | |

**SENTENCING MEMORANDUM AND
MOTION FOR DOWNWARD DEPARTURE**

PAUL ANTONIO LACY
ASSISTANT FEDERAL PUBLIC DEFENDER
SUSAN M. OTTO
FEDERAL PUBLIC DEFENDER
OFFICE OF THE FEDERAL PUBLIC DEFENDER
215 Dean A. McGee, Suite 109
Oklahoma City, Oklahoma 73102
Telephone: 405-609-5930
Facsimile: 405-609-5932
E-Mail: TONY.LACY@FD.ORG
SUSAN.OTTO@FD.ORG
COUNSEL FOR SEAN MICHAEL GILLESPIE

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -i-

I.    PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   SENTENCING UNDER *BOOKER*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.  APPLICATION OF THE STATUTORY SENTENCING FACTORS TO
      THE FACTS OF THIS CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV.   "STATEMENT OF REASONS PURSUANT TO TITLE 18, UNITED
      STATES CODE, § 3553(C)" FOR A SENTENCE BELOW THE
      GUIDELINE RANGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## **TABLE OF AUTHORITIES**

### CONSTITUTION

U.S. Const. amend. VI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 6

U.S. Const. amend. VIII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

### CASES

*Almendarez-Torres v. United States*, 523 U.S. 224 (1998)  . . . . . . . . . . . . . . . . . 2

*Apprendi v. New Jersey*, 530 U.S. 466 (2000  . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

*Blakely v. Washington*, 124 S. Ct. 2531 (2004)  . . . . . . . . . . . . . . . . . . . . . . . . 1

*Koon v. United States*, 518 U.S. 81 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Roper v. Simmons*, 125 S. Ct. 1183 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Shepard v. United States*, 125 S. Ct. 1254 (2005) . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Booker*, 125 S. Ct. 738 (2005) . . . . . . . . . . . . 1-3, 5, 6, 10, 13, 14

*Weems v. United States*, 217 U.S. 349 (1910) . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Ameline*, 400 F.3d 646 (9th Cir. 2005),
    *reh'g en banc granted*, 401 F.3d 1007 (9th Cir. 2005) . . . . . . . . . . . . . . . . . 6

*United States v. Denardi*, 892 F.2d 269 (3d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Espinoza*, 338 F.3d 1140 (10th Cir. 2003) . . . . . . . . . . . . . . . . . 11

*United States v. Guzman*, 318 F.3d 1191 (10th Cir. 2003) . . . . . . . . . . . . . . . . . 11

*United States v. Hawkins*, 127 F.3d 932 (10th Cir. 1997) . . . . . . . . . . . . . . . . . 11

*United States v. Horn*, No. 03-6289,
    113 Fed. Appx. 355 (10th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Hughes*, 901 F.2d 830 (10th Cir. 1990) . . . . . . . . . . . . . . . . . . . 15

*United States v. Jaber*, 362 F. Supp.2d 365 (D. Mass. 2005) . . . . . . . . . . . . . . . . . 5

*United States v. Naylor*, 359 F.Supp.2d 521 (W.D. Va. 2005) . . . . . . . . . . . . . . . 5

*United States v. Nellum*, 2005 WL 300073,
    2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005) . . . . . . . . . . . . . . . . . 4

*United States v. Ranum*, 353 F. Supp.2d 984 (E.D. Wisc. Jan. 19, 2005) . . . . . . . 5

STATUTES

Title 18, United States Code, § 3553 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Title 18, United States Code, § 3553(a) . . . . . . . . . . . . . . . . . . . . . . 1, 3-7, 9, 14, 16

Title 18, United States Code, § 3553(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Title 18, United States Code, § 3553(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Title 18, United States Code, § 3553(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Title 18, United States Code, § 3553(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Title 18, United States Code, § 3553(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Title 18, United States Code, § 3553(a)(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Title 18, United States Code, § 3553(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Title 18, United States Code, § 3553(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Title 18, United States Code, § 3553(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Title 18, United States Code, § 3561(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Title 18, United States Code, § 3582 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Title 18, United States Code, § 3661 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Title 18, United States Code, § 3742(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 14

Title 18, United States Code, §3742 (e)(3)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Title 21, United States Code, § 841(b)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## RULES

None

GUIDELINES

USSG CHAPTER FIVE, PART H -
    SPECIFIC OFFENDER CHARACTERISTICS . . . . . . . . . . . . . . . . . . . . . 12

USSG CHAPTER FIVE, PART J -
    RELIEF FROM DISABILITY PERTAINING
    TO CONVICTED PERSONS FROM HOLDING
    CERTAIN POSITIONS   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

USSG CHAPTER FIVE, PART K -
    DEPARTURES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

USSG CHAPTER ONE, PART A -
    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

USSG CHAPTER ONE, PART B -
    GENERAL APPLICATION PRINCIPLES  . . . . . . . . . . . . . . . . . . . . . . . . 12

USSG CHAPTER SEVEN, PART B -
    PROBATION AND SUPERVISED RELEASE VIOLATIONS  . . . . . . . . 12

USSG CHAPTER SIX, PART A -
    SENTENCING PROCEDURES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

USSG CHAPTER SIX, PART B -
    PLEA AGREEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

USSG § 1B1.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

USSG § 1B1.11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

USSG § 1B1.12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

USSG § 3C1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

USSG § 4A1.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

USSG § 5E1.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

USSG § 5F1.7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

USSG § 5H1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

USSG § 5K2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

USSG § 5K2.0 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

## OTHER AUTHORITIES

Claudia Wallis, *What Makes Teens Tick*, TIME, May 10, 2004 . . . . . . . . . . . . . . . 8

REPORT OF THE U.S. SENTENCING COMMISSION, MEASURING RECIDIVISM:
     THE CRIMINAL HISTORY COMPUTATION
     OF THE FEDERAL SENTENCING GUIDELINES, May 2004 . . . . . . . . . . . . . . . 5

## I.     PRELIMINARY STATEMENT.

Sean Michael Gillespie, by and through his counsel, submits the following Sentencing Memorandum and Motion for Downward Departure setting forth all factors the Court may consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in Title 18, United States Code, § 3553(a).

## II.     SENTENCING UNDER *BOOKER*.

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines. *United States v. Booker*, 125 S. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found "no relevant distinction between the sentence imposed pursuant to the Washington statutes in *Blakely* and the sentences imposed pursuant to the Federal Sentencing Guidelines" in the cases before the Court. *Id*. at 751. Accordingly, reaffirming its holding in *Apprendi*, the Court concluded that

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

1

*Id.* at 756.[1]

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, Title 18, United States Code, § 3553(b)(1) or which rely upon the Guidelines' mandatory nature, Title 18, United States Code, § 3742(e), incompatible with its Sixth Amendment holding. *Booker*, 125 S. Ct. at 756. Accordingly, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory." *Id.* at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by *Booker*,

> requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a).

---

[1]   It should be noted that the fact-of-prior-conviction exception to the *Apprendi* rule is based on *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). But the continued vitality of this case and the exception it created has been called into question not only by the broad reasoning of *Booker* itself, which would seem to apply to all enhancement facts, including facts of prior conviction, but also more recently by *Shepard v. United States*, 125 S. Ct. 1254 (2005). Shepard sharply limits the *Almendarez-Torres* exception to the fact of prior conviction as determined by the judicial record, and excludes facts about the conviction which are not contained in such conclusive records. As Justice Thomas notes, moreover, five justices agree that *Almendarez-Torres* was wrongly decided. 125 S. Ct. at 1264 (Thomas, J., concurring).

Booker, 125 S. Ct. at 757. Thus, under *Booker*, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in Title 18, United States Code, § 3553(a).

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Title 18, United States Code, § 3553(a)(2) states that such purposes are:

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider the following factors:

1)   "the nature and circumstances of the offense and the history and characteristics of the defendant" (Title 18, United States Code, § 3553(a)(1);

2)   "the kinds of sentences available" (Title 18, United States Code, § 3553(a)(3);

3)   "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" (Title 18, United States Code, § 3553(a)(6); and

4)     "the need to provide restitution to any victims of the offense."
(Title 18, United States Code, § 3553(a)(7).

Other statutory sections also give the district court direction in sentencing. Under Title 18, United States Code, § 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

Under Title 18, United States Code, § 3661, "*no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added).  This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth.  *See* U.S.S.G. § 5H1.  *See also United States v. Nellum*, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005) (Simon, J.) (taking into account fact that defendant, who was 57 at sentencing, would upon his release from prison have a very

4

low likelihood of recidivism since recidivism reduces with age; *citing* REPORT OF THE U.S. SENTENCING COMMISSION, MEASURING RECIDIVISM: THE CRIMINAL HISTORY COMPUTATION OF THE FEDERAL SENTENCING GUIDELINES, May 2004); *United States v. Naylor*, 359 F.Supp.2d 521 (W.D. Va. 2005) (Jones, J.) (concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses – he was 17 – and noting that in *Roper v. Simmons*, 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of *Booker* and § 3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be "inconsistent with the holdings of the merits majority in *Booker*, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in *Booker*, directing courts to consider all of the § 3353(a) factors, many of which the guidelines either reject or ignore." *United States v. Ranum*, 353 F. Supp.2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.). As another district court judge has correctly observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in *Booker*." *United States v. Jaber*, 362 F. Supp. 2d 365 (D. Mass. 2005) (Gertner, J.).

5

*See also United States v. Ameline*, 400 F.3d 646, 655-56 (9th Cir. 2005) (advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"), *reh'g en banc granted*, 401 F.3d 1007 (9th Cir. 2005).

Justice Scalia explains the point well in his dissent from *Booker's* remedial holding:

> Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range.  If the majority thought otherwise – if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed – its opinion would surely say so.

*Booker*, 125 S. Ct. at 791 (Scalia, J., dissenting in part).  Likewise, if the remedial majority thought the guidelines had to be given "heavy weight," its opinion would have said so.  The remedial majority clearly understood that giving any special weight to the guideline range relative to the other Section 3553(a) factors would violate the Sixth Amendment.

In sum, in every case, a sentencing court must now consider <u>all</u> of the § 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.  And where the guidelines

conflict with other sentencing factors set forth in § 3553(a), these statutory sentencing factors should generally trump the guidelines. *See United States v. Denardi*, 892 F.2d 269, 276-77 (3[d] Cir. 1989) (Becker, J, concurring in part, dissenting in part) (arguing that since § 3553(a) requires sentence be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

## III.  APPLICATION OF THE STATUTORY SENTENCING FACTORS TO THE FACTS OF THIS CASE.

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

### 1.  *The Nature and Circumstances of the Offense and the History and Characteristics of the Offender*

#### (a)  *Nature and Circumstances of Offense*

The most serious harm caused by Mr. Gillespie's conduct was the collective apprehension suffered by the congregation of the Temple B'Nai.  The damage to the building was minimal and, according to the testimony at trial, the disruption caused by the damage was also minimal.

7

### (b)    History and Characteristics of the Defendant

Mr. Gillespie's history is detailed in the presentence report and the evaluation conducted by the Bureau of Prisons.  It is evident Mr. Gillespie suffers from a combination of co-active factors that impair his ability to reason clearly and control his actions appropriately.  It should be noted the factors appear to date from Mr. Gillespie's birth and continued, with very little abatement, throughout his adolescence.

Mr. Gillespie is now twenty-one years old.  Research conducted on physically healthy, apparently well-adjusted, children indicates the human brain is not developed fully until the person reaches the chronological age of twenty-five.  *See* Claudia Wallis, *What Makes Teens Tick*, TIME, May 10, 2004, at 56, 65.  (Attachment 1 hereto.)  The last portion of the brain to reach full development is the prefrontal cortex, which functions as the arbiter of action and interaction.  *Id.* at 59-61.  Mr. Gillespie's history provides clear evidence he experienced, in many instances to an extreme degree, the developmental challenges noted by the researchers.  At this point, it is unclear how severely the development of Mr. Gillespie's brain may have been impacted by his prenatal exposure to drugs and alcohol and his own consumption during his childhood.  The passage of time, combined with a therapeutic environment,

will improve substantially   Mr. Gillespie's chances of gaining control over his thought processes and emotions.

### 2. The Need for the Sentence Imposed To Promote Certain Statutory Objectives:

> **(A)    to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense**

Mr. Gillespie asks only that the punishment imposed be the type and length of sentence sufficient, but not greater than necessary, to comply with the statutory directives set forth in Title 18, United States Code, § 3553(a).

> **(B)    to afford adequate deterrence to criminal conduct**

Mr. Gillespie agrees with the proposition that punishing him is an appropriate vehicle for deterring his own criminal conduct as well as the criminal conduct of others.   The minimum sentences mandated by the statutes more than adequately address this factor.

> **(C)    to protect the public from further crimes of the defendant**

The mandatory minimum sentences will remove Mr. Gillespie from society for three and a half decades.   To the extent Mr. Gillespie's actions were the result of

emotional and cognitive immaturity, the passage of time and further brain development should assist Mr. Gillespie.  If Mr. Gillespie receives the benefits of a therapeutic confinement, his chances of leaving prison as a productive, self-sufficient person will be improved greatly.

> (D)   *to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner*

Counsel are aware this Court may only recommend a place of confinement and the Bureau of Prisons retains authority over Mr. Gillespie's placement.  Counsel believe the presentence report and the evaluation clearly support a recommendation that Mr. Gillespie be placed in a facility capable of providing supportive counseling and rehabilitative services.

### 3.    *The Kinds of Sentences Available*

In *Booker*, the Supreme Court severed and excised Title 18, United States Code, § 3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. *Booker,* 125 S. Ct. at 756.  This renders the sentencing guidelines advisory. *Id.*

Statutorily, Mr. Gillespie is not eligible for probation because the instant offense is one for which probation has been expressly precluded by statute pursuant

10

Title 18, United States Code, § 3561(c)(1) and Title 21, United States Code, § 841(b)(1)(B).  He is subject to a minimum term of 35 years imprisonment.

### 4.    *The Sentencing Range Established by the Sentencing Commission*

Through counsel, Mr. Gillespie has objected to the sentencing range set forth in the Presentence Investigation Report.  Counsel objected to the addition of two level for "obstruction of justice" to the sentencing guideline range computation.  The addition was based on a letter Mr. Gillespie wrote shortly after his conviction and mere days before he took an overdose of anti-depressants.

The United States bears the burden of proof to support this adjustment.  *United States v. Guzman*, 318 F.3d 1191, 1197-1198 (10th Cir. 2003).  Several factors militate against the imposition of the adjustment.  The letter  was written after Mr. Gillespie was convicted.  The letter did not instruct or encourage the destruction of material evidence.  *Compare United States v. Hawkins*, 127 F.3d 932, 934 (10th Cir.  1997).  Neither did  the letter solicit the presentation of false exculpatory evidence.  *Compare United States v. Espinoza*, 338 F.3d 1140, 1149 (10th Cir. 2003).  The assessment of an enhancement pursuant USSG § 3C1.1 is supportable only if the communication constitutes a substantial step towards the proposed action.  *United States v. Horn*, No.

03-6289, 113 Fed. Appx. 355 (10th Cir. 2004).  Measured against these authorities,

Mr. Gillespie's post-trial statements did not constitute an attempt to obstruct justice.

### 5.    *Pertinent Policy Statements*

Policy Statements are found throughout the United States Sentencing

Guidelines.  As applicable to non-organizational defendants, the Policy Statements

are found in Chapter One[2], Chapter 4[3], Chapter 5[4], Chapter 6[5] and Chapter 7[6].

The catch-all provision in USSG § 5K2.0 authorizes this Court generally to

depart downward on grounds not specifically mentioned in the Guidelines, any time

---

[2]    *See*: USSG, CHAPTER ONE, PART A - INTRODUCTION: The Basic Approach and The Guidelines Resolution of Major Issues; USSG PART B - GENERAL APPLICATION PRINCIPLES: USSG § 1B1.10 - Reduction in Term of Imprisonment as a Result of Amended Guideline Range, USSG § 1B1.11 - Use of Guidelines Manual in Effect on Date of Sentencing and USSG § 1B1.12 - Persons Sentenced Under the Federal Juvenile Delinquency Act.

[3]    *See*: USSG § 4A1.3 - Departures Based on Inadequacy of Criminal History Category.

[4]    *See*: USSG § 5E1.5 - Costs of Prosecution, USSG § 5F1.7 - Shock Incarceration Program, USSG PART H - SPECIFIC OFFENDER CHARACTERISTICS, USSG CHAPTER FIVE, PART J - RELIEF FROM DISABILITY PERTAINING TO CONVICTED PERSONS FROM HOLDING CERTAIN POSITIONS and USSG CHAPTER FIVE, PART K - DEPARTURES.

[5]    *See*: USSG CHAPTER SIX, PART A - SENTENCING PROCEDURES and USSG CHAPTER SIX, PART B - PLEA AGREEMENTS.

[6]    *See*: USSG CHAPTER SEVEN, PART B - PROBATION AND SUPERVISED RELEASE VIOLATIONS.

there exists a mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission. *Koon v. United States*, 518 U.S. 81, 108-109 (1996).   USSG § 5K2.0 ("Circumstances that may warrant departure from the guidelines pursuant to this provision cannot, by their very nature, be comprehensively listed and analyzed in advance.")

In addition to this catch-all provision, the Guidelines list numerous bases for departure in USSG § 5K2 (Other Grounds for Departure).  Of these, approximately two-thirds address upward departures; only one-third discuss downward departures.

In addition to the enumerated grounds for departure, there are several Specific Offender Characteristics, which may be considered in determining whether a sentence should be outside the applicable guideline range.   These factors include age; education and vocational skills; mental and emotional conditions; physical condition or appearance; employment record; family ties and responsibilities; role in the offense; criminal history; dependence upon criminal activity for a livelihood; military, civic, charitable, or public service; employment-related contributions; and, record of prior good works.  *Koon* made it clear that this is not a comprehensive list.

Prior to *Booker*, consideration of some factors were discouraged.  Some were prohibited specifically, *eg.,* race, sex, national origin, creed, religion, and socio-economic status; lack of guidance as a youth and similar circumstances; and post-

sentencing rehabilitation. The continued viability of those discouragements and prohibitions is called into question by *Booker*. The degree of departure from the applicable guidelines range is reviewed for unreasonableness. *Compare* Title 18, United States Code, §3742 (e)(3)(C) (pre-*Booker* standard) with *Booker* (replacing § 3742(e) with "unreasonableness" review of all sentences).

Mr. Gillespie identifies the following as factors the Court may consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in Title 18, United States Code, § 3553(a):

> The advisory guidelines are "greater than necessary" or too draconian, and the purpose of sentencing is satisfied by a sentence below the guidelines;

> a combination of co-active factors that impair Mr. Gillespie's ability to reason clearly and control his actions appropriately;

> post- offense remorse; and

> the totality of the circumstances.

### 6.    The Need To Avoid Unwarranted Disparities Among Defendants With Similar Records Who Have Been Found Guilty of Similar Conduct

Mr. Gillespie contends there may be sentencing disparities. Title 18, United States Code, § 3553(a)(6) does not proscribe all disparities, only unwarranted ones.

Mr. Gillespie contends the totality of factors and circumstances in his case warrant leniency.

In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment. *See United States v. Hughes*, 901 F.2d 830, 832 (10th Cir. 1990) ("The eighth amendment requires that a sentence not be disproportionate to the severity of the crime or involve unnecessary infliction of pain. Within this limitation . . . . [i]f a sentence imposed is within the statutory limits, the appellate court generally will not regard it as cruel and unusual punishment.") (internal quotations omitted).

In this case, Mr. Gillespie faces minimum mandatory sentences of thirty years and five years, which by statute must be served consecutively. Such a sentence resembles the sentences of disproportionate severity that courts have struck down as cruel and unusual in the past. *See, e.g., Weems v. United States*, 217 U.S. 349, 358, 364, 381 (1910) (fifteen years at hard labor for falsifying a government form). Thus, the mininum mandatory sentence of 35 years is excessive and violates the Eighth Amendment's prohibition against cruel and unusual punishment.

### 6.   *The Need to Provide Restitution to Any Victims of the Offense*

There is no restitution reported in the Presentence Investigation Report.

15

**IV.** **"STATEMENT OF REASONS PURSUANT TO TITLE 18, UNITED STATES CODE, § 3553(C)" FOR A SENTENCE BELOW THE GUIDELINE RANGE.**

A Statement of Reasons pursuant Title 18, United States Code, § 3553(c), is still required even after *Booker*. It must be specific, in writing, and included in the judgment and commitment order (except for information received *in camera*). The statement should be a concise and enumerated list of the reasons that explains why a sentence below the guideline range is warranted.

**V.** **CONCLUSION**

For the foregoing reasons, Sean Michael Gillespie respectfully submits that a sentence of thirty five years imprisonment is sufficient, but not greater than necessary, to comply with the statutory directives set forth in Title 18, United States Code, § 3553(a).

Respectfully submitted,

*s/ Paul Antonio Lacy*
PAUL ANTONIO LACY
ASSISTANT FEDERAL PUBLIC DEFENDER
Bar Number: 5156

*s/ Susan M. Otto*
SUSAN M. OTTO
FEDERAL PUBLIC DEFENDER
Bar Number:
OFFICE OF THE FEDERAL PUBLIC DEFENDER
215 Dean A. McGee, Suite 109

16

Oklahoma City, Oklahoma 73102
Telephone: 405-609-5944
Facsimile: 405-609-5932
E-Mail:      Tony.Lacy@fd.org
                  Susan.Otto@fd.org
Counsel for  Sean Michael Gillespie

## CERTIFICATE OF SERVICE

___X___    I hereby certify that on Monday, August 29, 2005, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Scott Palk
Assistant United States Attorney

_____I hereby certify that on _____, I served the attached document by _____ on the following, who are not registered participants of the ECF System:

*s/ Paul Antonio Lacy*_____
PAUL ANTONIO LACY

G:\CLIENTS\Gillespie\Sentencing Memorandum and Motion for Departure.wpd

17