## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Respondent, | ) |
| | ) |
| -vs- | )    Case No. CR-04-94-C |
| | )    Case No. CIV-07-1061-C |
| SEAN MICHAEL GILLESPIE, | ) |
| | ) |
| Defendant-Movant. | ) |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

COMES NOW the plaintiff-respondent, United States of America, by John C. Richter, United States Attorney for the Western District of Oklahoma, through Scott L. Palk, Assistant United States Attorney, and in response to the Court's Order of September 26, 2007, directing that the government respond to the Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed with the Court on September 21, 2007, alleges and states as follows:

## PROCEDURAL HISTORY

On May 19, 2004, a three count indictment was filed against the Defendant. Count 1 charged that on or about April 1, 2004, the Defendant knowingly used and carried a firearm, that is, a destructive device more particularly described as a "Molotov cocktail,"

during and in relation to a crime of violence, that is, knowingly and maliciously attempting to damage and damaging by means of fire and explosive a building used in interstate commerce and in activities affecting interstate commerce, in violation of 18 U.S.C. § 924(c)(1)(A).  Count 2 charged that on or about April 1, 2004, the Defendant knowingly and maliciously attempted to damage, and did damage, by means of fire and explosive the Temple B'nai Israel, a building used in interstate commerce and in activities affecting interstate commerce, in violation of 18 U.S.C. § 844(I).  Count 3 charged that on or about April 1, 2004, the Defendant knowingly and unlawfully possessed a firearm, that is, a destructive device more particularly described as a "Molotov cocktail," which had not been registered to him in the National Firearm Registration and Transfer Record, in violation of 26 U.S.C. 5681(d).  (Doc. 14).

After a two-day jury trial, Defendant was found guilty on all three counts charged in the indictment.  (Doc. 61).  On August 30, 2005, the District Court sentenced the Defendant to serve a sentence of imprisonment of 360 months as to Count 1 and 108 months on Counts 2 and 3.  Counts 2 and 3 were ordered to be served concurrently with each other and consecutively to Count 1, which produced an aggregated sentence of 468 months.  (Doc. 70).

On September 9, 2005, Defendant appealed his conviction and sentence, alleging numerous errors, including the argument that his sentence was both procedurally and substantively unreasonable because of the District Court's failure to adequately consider the factors set forth in 18 U.S.C. § 3553(a) and it's failure to provide a sufficient explanation of

2

the basis for its sentence.  (Doc. 71).  On June 30, 2006, the Tenth Circuit Court of Appeals affirmed Defendant's conviction and sentence, finding Defendant's sentence was both procedurally and substantively reasonable.  *United States v. Gillespie*, 452 F.3d 1183, 1192 (10th Cir. 2006).  On September 25, 2006, Defendant filed a Petition for Certiorari to the United States Supreme Court (Doc. 79), which was denied on November 27, 2006.  (Doc. 80).  Defendant filed this motion seeking to vacate, set aside or correct his conviction and sentence on September 21, 2007.[1]

## ARGUMENT AND AUTHORITY

### I.    DEFENDANT'S CLAIM REGARDING THE UNREASONABLENESS OF HIS SENTENCE WAS ADJUDICATED IN HIS DIRECT APPEAL AND IS PROCEDURALLY BARRED.

Defendant seeks to vacate his sentence on the basis that the sentence was unreasonable because of the District Court's failure to: (1) find extraordinary circumstances to support his lengthy sentence; and (2) provide an adequate explanation for the imposition of his sentence.  These same arguments were raised in Defendant's direct appeal and rejected by the Tenth Circuit Court of Appeals.  *See United States v. Gillespie*, 452 F.3d at 1192 (finding

---

[1] The Government acknowledges Defendant's request for collateral relief is timely filed under 28 U.S.C. § 2255, as Defendant's motion was filed on September 21, 2007, within one year from the date of the denial of his Petition for Certiorari on November 27, 2006.  *United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir. 2000)("A judgment of conviction is final for purposes of the one-year limitation period in § 2255 when the United States Supreme Court denies a petition for writ of certiorari after a direct appeal.").

3

Defendant's sentence was reasonable where District Court adequately considered § 3553(a) factors and provided a "sufficient summary of the basis for its selected sentence, referring to the impact on Temple members, [Defendant's] violent conduct, and the relevant § 3553(a) factors"). Claims raised and disposed of in a direct appeal are precluded from reconsideration in a § 2255 proceeding, absent an intervening change in law affecting the prior determination of Defendant's case on direct appeal. *United States v. Cox*, 83 F.3d 336, 342 (10th Cir. 1996); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994); *United States v. Cook*, 997 F.2d 1312, 1318 n.6 (10th Cir. 1993); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989).

Defendant attempts to circumvent this procedural bar by arguing that the recent Supreme Court decision of *Rita v. United States*, ___ U.S. ___, 127 S.Ct. 2456 (June 21, 2007), and a case presently pending before the Supreme Court, *Gall v. United States*, 446 F.3d 884 (8th Cir. 2006), *cert. granted* ___ U.S. ___, 2007 WL 1660978 (U.S. June 11, 2007), have created an intervening change in the law applicable to his sentence. Defendant's argument is without merit. Neither of these cases have created, or have the potential to create, a change in the law that affects the reasonableness of Defendant's sentence.

Defendant cites *Rita v. United States*, for the proposition that "lengthier sentences require a greater explanation [of the sentence]." (Defendant's Brf. at M-5, ¶ 3). Defendant misconstrues the Supreme Court's guidance set forth in *Rita* regarding the sufficiency of the sentencing court's explanation of the sentence. While recognizing that "the appropriateness

4

of brevity or length . . . depends upon the circumstances," the court in *Rita* specifically found that a typical case in which the sentence falls within the Guidelines range "will not necessarily require lengthy explanation;" whereas, a lengthier explanation may be required "[w]here the judge imposes a sentence outside the Guidelines." *Id.* at 2468. *See also United States v. Perez*, 2007 WL 3011046, *1 (10th Cir. Oct. 16, 2007)(unpublished). Although Defendant's sentence of 468 months[2] is a lengthy sentence, it is within the Guidelines range for the offenses of conviction and does not, therefore, require the more detailed explanation contemplated by the court in *Rita*.

More importantly, *Rita* does not change the law by which Defendant's sentence was adjudged both substantially and procedurally reasonable by the Tenth Circuit in Defendant's direct appeal. In *Rita,* the Supreme Court upheld the presumption of reasonableness adopted by the Tenth Circuit court in *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) for appellate review of within-Guidelines sentences. *Id.* at 2463. This presumption was applied by the Tenth Circuit court in affirming the substantive reasonableness of Defendant's sentence. *See United States v. Gillespie*, 452 F.3d at 1192. Further, the standard by which

---

[2] Defendant's sentence of 468 months is an aggregate sentence consisting of the 360 months on Count 1 and 108 months on Counts 2 and 3. The sentence of 360 months on Count 1 is the statutory minimum for the offense pursuant to 18 U.S.C. § 924(c)(1)(B)(ii) and, pursuant to 18 U.S.C. § 924(c)(1)(D)(ii), must be served consecutively to the sentences imposed in Count 2 and Count 3. The sentences of 108 months on Counts 2 and 3 are within the calculated Guidelines range of 87 to 108 months, and pursuant to the District Court's discretion, were ordered to be served concurrently with each other.

the Tenth Circuit, in *Gillespie* analyzed the sufficiency of the explanation provided by the district judge for imposing Defendant's within-Guidelines sentence, i.e. that the court must "provide sufficient reasons to allow meaningful appellate review of their discretionary sentencing decisions," *Id.* at 1192 (quoting *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1117 (10th Cir. 2006)), is consistent with the Supreme Court's directive in *Rita* that "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita* at 2468.

In a recent opinion, *United States v. Angel-Guzman*, No. 06-4303, ___ F.3d ___, 2007 WL 3146825 (10th Cir. Oct. 30, 2007), the Tenth Circuit court conducted a detailed analysis of the Supreme Court's opinion in *Rita* to determine its affect on "this Circuit's approach to review of within-Guideline sentences." *Id.* at *4. The Court concluded that the Supreme Court's directives in *Rita* regarding the appropriate standard to be used in reviewing the substantive reasonableness of within-Guidelines sentences "does nothing to change the appellate reasonableness standard this Circuit has applied since *Booker*." *Id.* at *6. Similarly, the Tenth Circuit Court found that the standard set forth in *Rita* for reviewing the sufficiency of the sentencing court's explanation for the imposition of a within-Guidelines sentence does "not seem to contemplate explanations more searching or extensive than those required by our Circuit in cases prior to *Rita*." *Id.* at *8. Clearly, Defendant cannot rely on *Rita* to circumvent the procedural bar based on an intervening change in the law.

6

Neither does the case of *Gall v. United States*, presently pending before the Supreme Court, provide the Defendant any basis for relief.  Defendant's § 2255 motion must be decided based on the law as it currently exists, even though a pending decision may result in a change of the law.  *Bush v. United States*, 438 F.2d 641, 641-642 (9th Cir. 1971).  In any event, the Supreme Court's decision in *Gall* will not result in a change of the law under which Defendant was sentenced.  The issue in *Gall* is "[w]hether, when determining the 'reasonable-ness' of a district court sentence under *United States v. Booker,* 543 U.S. 220 (2005), it is appropriate to require district courts to justify a sentence *outside the range recommended by the United States Sentencing Guidelines* with a finding of extraordinary circumstances."  Brief of Petitioner-Appellant at i, *United States v. Gall*, No. 06-7949, 2007 WL 2197484, (U.S. July 18, 2007)(emphasis added).  As noted above, Defendant's sentence is not outside the Guidelines range; thus, the Supreme Court's decision in *Gall* will not result in a change of the law under which Defendant was sentenced.

There has been no intervening change in the law affecting the previous adjudication of the reasonableness of Defendant's sentence in his direct appeal.  Thus, Defendant's claim regarding the reasonableness of his sentence is procedurally barred.

## II.     DEFENDANT'S CHALLENGE TO THE JURISDICTION OF THE DISTRICT COURT BASED ON THE INVALIDITY OF PUBLIC LAW NO. 80-772 [THE RECODIFICATION OF TITLE 18] HAS NO MERIT.

Defendant's second challenge to his conviction and sentence is based on an argument used by federal prisoners across the nation that Public Law No. 80-772, which recodified Title 18, including 18 U.S.C. § 3231,[3] was not properly enacted by Congress and is, therefore, invalid.  As such, Defendant's contends that this Court did not have subject matter jurisdiction over his crimes.[4]   Specifically, Defendant contends that the House and Senate passed two different versions of House Bill 3190 [enacted as Public Law 80-772], in that the House only "concurred" with the Senate amendments and did not vote on the entire bill "as-amended." (Defendant's Brf. at M-7, ¶ 3).

Similar arguments challenging the validity of Public Law 80-772 have consistently been rejected by the federal district courts.  *See United States v. Felipe*,  No. CIV-07-061, 2007 WL 2207804, *2 (E.D.Pa. July 30, 2007)(noting that federal prisoners across the nation have brought challenges concerning the enactment of title 18 and finding that eight federal districts have reached the correct conclusion that the "mythical story concerning the irregular

---

[3] 18 U.S.C. § 3231, is the statute that confers federal district courts with "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

[4] Although Defendant did not raise this issue during the District Court proceedings or on appeal, he is not procedurally barred from raising it in this motion, as challenges to a district court's subject matter jurisdiction may be raised at any time, including a § 2255 motion for collateral review of a federal conviction. *United States v. Burch*, 169 F.3d 666, 668 (10th Cir. 1999); *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993).

8

adoption of Public Law Number 80-772 is utterly baseless").  Although many different variations of the argument exist, they all are based on some type of irregularity in the passage of the bill, all of which have been found to be without merit.  *See United States v. Harbin*, No. C-07-260, 2007 WL 2777777, *4 (S.D.Tex. Sept. 21, 2007)(rejecting claim that Congress adjourned *sine die* before the passage of Public Law 80-772 by the Senate); *United States v. Felipe*, 2007 WL 2207804 at *2 (finding "Public Law 80-772 was passed by both houses before a *sine die* recess was called and, therefore, was properly enacted"); *United States v. Hoskins*, No. CIV-05-448, 2006 WL 1044269, *5 (E.D.Ky. April 19, 2006)(rejecting defendant's claim that Public Law 80-772 was not properly enacted because it was signed by President Truman after Congress adjourned).

Defendant claims his argument, i.e. that the Senate amendments were not properly voted on by the House, is "distinguishable" from other arguments regarding the validity of Public Law 80-772; however, in a recent federal district court opinion, *United States v. Chillemi*, No. CV-07-0430, 2007 WL 2995726 (D.Ariz. Oct. 12, 2007), the court, after an examination of the pertinent journal records, determined that the Senate amendments to H.R. 3190 were properly voted on by the House and that on "June 19, 1948, the Committee on House Administration reported H.R. 3190 as a 'truly enrolled bill.'" *Id*. at *8 (quoting House Journal 80th Congress 2nd Session at 776).

In any event, it is not necessary for this Court to examine the legislative records to make an independent determination that Public Law 80-772 was properly enacted because

defendant's claim, and all other similar claims regarding irregularities in the enactment of the bill, are precluded by the "enrolled bill rule."  "[This] rule provides that an attested 'enrolled bill'--one signed by the leaders of the House and Senate--establishes that Congress passed the text included therein in a constitutional manner and it 'should be deemed complete and unimpeachable.'"  *United States v. Harbin*, 2007 WL 2777777 at 5 (quoting *Public Citizen v. United States District Court for the District of Columbia*, 486 F.3d 1342, 1343 (D.C.Cir. 2007)(quoting *Marshall Field & Co. v. Clark*, 143 U.S. 549, 672-673 (1982)).  The reason for this rule is two-fold:  (1) to prevent a "state of uncertainty in the statute laws of the land;" and (2) to maintain "respect for a coordinate branch of the government." *Public Citizen* at 1349-1350 (quoting *Marshall Field* at 673, 675).  Several courts have applied the "enrolled bill rule" to reject prisoners' arguments challenging the validity of Public Law 80-772 and 18 U.S.C. § 3231.  *See United States v. Chillemi*, 2007 WL 2995726 at *7 ("Whatever the merits or lack thereof in movant's historical arguments, this Court is not free to consider a challenge to the validity of enactment of Title 18 based upon purported defects in the political process"); *United States v. Harbin*, 2007 WL 2777777 at *5 ("This rule [enrolled bill rule] mandates that this Court accept as conclusive Public Law 80-772 and reject [defendant's] request that the Court look behind the bill at the Congressional actions taken on it while pending."); *United States v. Miles*, No. 06-2899, 2007 WL 1958623, *1 (7th Cir. June 28, 2007)(unpublished)("the enrolled-bill rule prevents us from going behind the bill in the manner [defendant] proposes to evaluate whether the bill satisfied the constitu-

10

tional requirement that it pass both houses of Congress").

Defendant admits that Public Law 80-772 was "examined and signed by the House and Senate leaders on June 19, 1948, Cong. Rec. 9354, 9363" and was "presented to President Truman, 94 Cong.Rec. 9365, who signed the measure on June 25, 1948; 94 Cong.Rec. 9367," (Defendant's Brf. at M-8, ¶ 1), thus bringing it squarely within the "enrolled bill rule." As such, the jurisdictional statute, 18 U.S.C. § 3231, is "complete and unimpeachable" and its validity cannot be challenged on the basis of irregularities in its enactment. Defendant acknowledges that 18 U.S.C. § 3231 confers jurisdiction over "all" federal crimes, including the offenses for which he was convicted (Defendant's Brf. at M-10, ¶ 2); thus, his argument that this Court did not have jurisdiction is without merit.

Because the validity of 18 U.S.C. § 3231 is not subject to challenge, Defendant's argument that the predecessor statute, 18 U.S.C. § 3231, did not confer jurisdiction over offenses outside of Title 18 is moot. In any event, this argument is also without merit. One of the cases cited by Defendant in support of his argument is *United States v. Sasscer*, 558 F.Supp. 33 (D.Md. 1982). In discussing the legislative history of 18 U.S.C. § 3231, the court, in *United States v. Sasscer*, specifically found that the predecessor statute i.e., 18 U.S.C. § 546 (1940), conferred jurisdiction over crimes found in *all* titles of the United States Code by its incorporation of 28 U.S.C. § 41, which prior to 1948 provided district courts with original jurisdiction over "all crimes and offenses cognizable under the authority of the United States." *Id.* at 35.  *See also United States v. Harbin*, 2007 WL 2777777 at *6

11

(denying  § 2255 motion based on challenge to validity of 18 U.S.C. § 3231 and finding "even if the 1948 amendment to § 3231 were defective, the Court would nonetheless retain jurisdiction over [defendant's] case because the predecessor statute to § 3231 also provides for such jurisdiction"); *United States v. Derleth*, No. CIV-05-205, 2006 WL 1804618, *4 (S.D.Tex. June 27, 2006)(unpublished)("even if 18 U.S.C. § 3231 was flawed, legislation that pre-dated section [sic] § 3231 would have operated to give the Court jurisdiction over federal crimes"); *and United States v. Risquet*, 426 F.Supp.2d 310, 311-312 (E.D.Pa. April 5, 2006)("Even if the 1948 amendment to § 3231 were somehow defective, this court would retain jurisdiction over this case because the predecessor to § 3231 . . . provides for such jurisdiction as well.")

Accordingly, Defendant's arguments regarding the invalidity of 18 U.S.C. § 3231 are without merit and Defendant's request to vacate his convictions based on lack of subject matter jurisdiction should be denied.


## III.    AN EVIDENTIARY HEARING IS NOT NECESSARY.

Because it is clear from the pleadings, files and records that Defendant is not entitled to relief, an evidentiary hearing is not necessary.  *See* 28 U.S.C. § 2255.  In a § 2255 proceeding, the district court is not required to grant an evidentiary hearing on a prisoner's claims where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  If the case record is complete and the matter may be

determined from the record, the district court may enter its decision without an evidentiary hearing. *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). As the preceding discussion shows, this matter may be conclusively determined on the basis of the existing record. Accordingly, no evidentiary hearing is required.

## CONCLUSION

For the reasons stated, Defendant's petition to vacate, set aside, or correct sentence, brought under 28 U.S.C. § 2255 should be denied.

Respectfully submitted,

JOHN C. RICHTER
United States Attorney

s/Scott L. Palk
SCOTT L. PALK
Assistant U.S. Attorney
Bar Number: 14841
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma  73102
(405) 553-8700
Scott.Palk@usdoj.gov

## <u>MAILING CERTIFICATE</u>

       I hereby certify that on November 6, 2007, I served the attached document by United States Mail on the following, who are not registered participants of the ECF System:

**Sean Michael Gillespie**
#23278-009
USP-FLORENCE
United States Penitentiary
P O Box 7000
Florence, CO 81226

s/Scott L. Palk          
SCOTT L. PALK
Assistant U.S. Attorney

14